UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KEVIN JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-cv-10851-DJC |
| | ) | |
| INTERNAL REVENUE SERVICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**CASPER, J.**                                                                                    September 26, 2023

This action concerns *pro se* plaintiff Kevin Jones's claim that he received Pandemic Unemployment Benefits from the Massachusetts Department of Unemployment Assistance ("DUA"), returned the funds to the agency once it was determined that he was ineligible for the same, but DUA still "reported the money [he] returned as income to the IRS and State." D. 1 at 2.

In a previous order, the Court allowed Jones's motion for leave to proceed *in forma pauperis*, dismissed the DUA and the Massachusetts Department of Revenue as defendants, and ordered Jones to file an amended complaint if he wished to purse claims against the United States Internal Revenue Service ("IRS") or the United States Department of Treasury. D. 5. The Court held that the state agencies were not subject to suit in federal court vis-à-vis Jones's claims. Id. at 3. The Court also held that Jones's claims against the federal agencies were barred by the sovereign immunity of the United States unless Jones had exhausted his administrative remedies within the IRS. Id. at 4-5.

On August 14, 2023, Jones filed an amended complaint. D. 6. In the pleading, Jones represents:

1

> The I.R.S. and affiliates have continued to pursue the matter in U.S. Tax Court. As of this notice I will have filed a petition with the U.S. Tax Court with the same complaint as mentioned in the U.S. District Court in MA. If the matter cannot be resolved, this would be sufficient to say that the plaintiff has exhausted all administrative remedies with the I.R.S. and subsequent defendants.

Id. ¶ 1. Jones also asserts that "historical precedent" concerning the immunity of state and federal agencies "have no relevance to [his] case." Id. ¶ 2. He states that he "would like to amend [his] relief to the process of [d]iscovery, in order to determine the nature of such gross continued errors on the part of Federal [and] State agencies which hold the Public's trust." Id.

Even reading this amended pleading in the light most favorable to Jones, it appears from Jones's amended complaint that he has not yet fulfilled the administrative remedy prerequisite for pursuing a tax matter in this Court. For the reasons stated in the Court's August 4, 2023 Order, D. 5, the Court lacks jurisdiction to adjudicate his claims against the IRS or the Department of Treasury until the administrative remedy requirement is satisfied.[1]

Accordingly, this action is DISMISSED for lack of jurisdiction.

**So Ordered.**

/s Denise J. Casper
United States District Judge

---

[1] Some decisions of the United States Tax Court may be appealed to the appropriate United States Court of Appeals. Information concerning post-trial Tax Court procedures may be found at https://ustaxcourt.gov/petitioners_after.html. The Court makes no representation concerning the relevance of this website to Jones's tax matters.